### FRANKLIN MORGAN *vs.* MOSES LARNED.

**A** feme sole claimed certain land by virtue of a location thereof, made to her by the pro-
prietors ; and after her intermarriage with A., he entered upon the land, under the lo-
cation, and continued in possession thereof, after her decease, as tenant by the cur-
tesy : Her heirs conveyed their reversionary interest to B., who sued A. in an action
of waste. *Held,* that A could not defeat the action by showing that the location of the
land was so defective, that it would not bar the proprietors, nor persons claiming under
them ; but that he was estopped to deny the title under which he entered.

*It seems,* that a defendant in an action of waste, who entered on the land as tenant by
the curtesy, and is sued as such, cannot give in evidence his own declarations, made
on the land, several years before the action was brought, that he had made an exami-
nation and found that his wife had no title to the land, and that he claimed to hold it,
and was occupying it, under a possessory title

THIS was an action of waste, to recover twenty six acres
of woodland in Palmer, alleged to be wasted by the defend-
ant, tenant thereof for life, and also to recover the amount of
damage done to the land. (See Rev. Sts. *c.* 105, § 1.) The
plaintiff claimed title under a deed from the children of Betsy
Larned, the defendant's wife, alleging that before her mar-
riage, to wit in 1809, the said land was laid out to her, by
the name of Betsy Cargill, upon the rights of Ebenezer Mer-
rick and John Moore ; and that said Betsy had deceased.
The defendant filed, as a specification of defence, a denial that
the plaintiff had any title to said land, and also a denial that
the defendant was tenant thereof for life.   Trial before *Dew-
ey.* J. whose report thereof follows :

The plaintiff, for the purpose of showing the original loca-
tion to Betsy Cargill, introduced the books of the Proprietors
of Elbows, (now Palmer,) in which it appeared that the prem-
ises described in his writ were laid out to her, as in said
books declared ; but it did not appear that the entry of the
location was in the hand writing of the clerk of the proprie-
tors, or that the surveyor, who laid out the land, was their
sworn surveyor, or that the land was laid out by any vote
of the proprietors.   The defendant thereupon objected, that
said location gave no title to said Betsy ; and he offered to
prove that said books were defective, in respect to the signa-
ture of the name of the clerk, in many other places on said

books.   The judge ruled, that though the books might not show, under said location, a title in the plaintiff, valid as against a stranger, yet if said Betsy claimed the land by virtue of said location, and the defendant, after his marriage, entered upon the land under it, the location was good as against him, and would authorize the plaintiff to maintain this action.   To this ruling the defendant excepted.

The plaintiff then introduced evidence tending to show that the defendant had, at various times, admitted that the land was laid out to his wife, and that, since her death, he held the same subject to the rights of her children and heirs. But it was not proved that she entered upon the land before her marriage.

The defendant, for the purpose of doing away the effect of these admissions, introduced the testimony of a witness, tending to show that, eight or ten years ago, he was on the land with the witness, who was negotiating with the defendant about the purchase of some timber upon the land, and that the defendant, at that time, stated to the witness that he (the defendant) had examined the original location, that it was defective, that his wife derived no title under it, and that he claimed to hold it by, and was then occupying it under, a possessory title.   The counsel for the defendant insisted that these declarations, made upon the land, were a disclaimer of the title of the heirs of his wife, and vested a possessory title in him.   But the judge ruled, that this evidence did not show a disseizin of said heirs as reversioners ; that the jury might consider the evidence as bearing upon the general question whether the defendant's entry and occupation had been under the rights of his wife, but not as evidence of a disseizin which would bar the reversioners, if the defendant originally entered under the title in his wife, and had, up to that time, held and occupied the land as tenant by the curtesy.

On the subject of waste, evidence was introduced, tending to show that the defendant had cut over a portion of the tract, upon one corner thereof, consisting of about two acres ; that he had cut off most of the timber and wood from the tract.

and had trimmed up the residue, to fit it for a building lot; that the timber cut upon it was partly cut for the purpose of furnishing timber and lumber for a dwelling-house and barn ; that some of the timber was left upon the land, and that the boards, which were sawed from the logs, were carried back and placed upon the land ; and that some of the trees which he cut had been sold and carried away. The defendant contended that the cutting of that portion of the lot, for such purpose, and in such manner, was not waste upon that portion. But the judge ruled otherwise.

Upon the question as to waste upon the entire tract, the judge ruled as follows :   " In reference to a timber and wood lot like the present, containing twenty six acres, the act of cutting one, two, or only a very small number of trees, would not create a forfeiture of the whole lot, and entitle reversioners, in an action of waste, to recover the whole of it.   But if the tenant for life should have cut valuable timber trees, in considerable numbers, extending his cutting, in different places, over the whole lot, selecting valuable trees, and cutting the same to such an extent, over the whole lot, as to do substantial damage to the value of every part of the lot, such cutting would be waste in the whole lot, and subject the party to a forfeiture of the whole twenty six acres.   If the cutting of the trees shall, however, appear to be confined to any particular portion of the lot, leaving entirely free from all cutting another portion of the lot, and that any considerable and substantial portion of the lot, and one which can be distinctly traced, and severed from the portion cut upon, the forfeiture for waste would not extend to this last described portion of the lot, on which there was no cutting."   To this ruling the plaintiff excepted, as not sufficiently favorable to him.   The jury found a verdict for the plaintiff, as to the two acres first mentioned, and for the defendant as to the remaining twenty four acres.

New trial to be granted, if the plaintiff was entitled to instructions more favorable to him, or if the ruling excepted to by defendant was wrong.

*W. G. Bates & H. Morris,* for the defendant.

*R. A. Chapman,* for the plaintiff, waived the exception taken by him at the trial.

Hubbard, J. In admitting the proprietors' records as evidence to sustain the plaintiff's title to the land on which he alleged the waste had been committed, we think the ruling was correct. The plaintiff claimed by force of the deed to him, and such title is sufficient to give him a right of action, as against a mere trespasser or disseizor.

The title of the plaintiff is voidable, and might not be sufficient to bar the proprietors, or persons lawfully claiming under them. But this defendant is not in a situation to take advantage of any defect in the plaintiff's title ; the evidence being clear, that he entered under his wife's right, and held as tenant by the curtesy, subject to the rights of her children, under whom the plaintiff claims. As a tenant he is estopped to deny the title under which he entered, by alleging that he is now a disseizor. If he had entered claiming title under another, he might then have shown and relied upon the defect of his wife's location. But, as he claims under her, he shall not be permitted to betray her right ; that being against good faith, and within the principle which does not permit the tenant to deny the right of his landlord.

In order to do away the effect of certain admissions by the defendant as to the title under which he held the premises, he offered in evidence certain declarations of his, made eight or ten years before, that he had examined the original location, that it was defective, that his wife derived no title under it, and that he claimed to hold it by, and was then occupying it under, a possessory title. These declarations were admitted, not as evidence to show a disseizin of the heirs as reversioners, but as bearing on the general question, whether his entry and occupation had been under the right of his wife or not. The testimony being admitted, we have no doubt of the correctness of the ruling, as bearing upon the question, whether he entered as a trespasser, and not under the right of his wife. But we have great doubt as to the admissibility of the testi-

5 *

mony for any purpose. The admissions of a party in possession are evidence in disparagement of his title, but not to the disparagement of that of another, and in support of his own. This is not the case of the pointing out of boundaries while in possession and upon the land, in which the declarations of an owner are sometimes admissible, when offered in evidence by those claiming under him, but his own naked assertion of a right of possession, hostile to the reversionary right of his children; and is but the mere assertion of a party, unaccompanied by any acts in his own favor, and offered by himself. But the admission of the evidence became unimportant, because the jury, by their verdict, have found that he entered under his wife's title; and being thus in, he shall not be permitted to defeat that title by calling himself a trespasser, and thus convert a lawful entry, and possession under it, into a disseizin.

The plaintiff having waived his exception to the ruling, as to the extent of the waste, no point is now presented on that part of the report, and there must therefore be

*Judgment on the verdict.*